UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

CASE NO: 06-MJ-30190-BC

v

TRAVON DEMETRIUS EVANS

_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Not applicable

### Alternative Findings (A)

There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

The Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

### Alternative Findings (B)

There is a serious risk that the Defendant will not appear, and there is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government is moving for detention pursuant to 18 U.S.C. § 3142, and argues

initially that the presumption in favor of detention applies.  As a preliminary matter, I conclude the government is correct in its assertion that the presumption applies in this case since this Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act.  In fact, this Defendant faces the possibility of life imprisonment without parole if convicted of the charges made in Count One of the Complaint.  Therefore, I must now consider whether the presumption has been rebutted using the factors listed in 18 U.S.C. § 3142(g).

As to the factors set forth in subsections (g)(1) and (2), I note that the Defendant has waived his right to a preliminary examination in this case.  This has the effect of admitting there is probable cause to support the allegations contained in the Complaint.  Under section (g)(2), I note that the charges in Count One of the Complaint involve narcotic drugs, specifically crack cocaine.

I next consider the Defendant's background in light of the requirements set forth in 18 U.S.C. § 3142(g)(3).  The Defendant is 18 years of age, and is a lifelong resident of Saginaw.  It appears that the Defendant has moved between his father's home and his mother's home.  I therefore presume that the Defendant's parents are separated.  The Defendant has several brothers and sisters, and is currently unemployed.  His only known past employment has been intermittent lawn care work.  Although the Defendant denied the use of controlled substances other than marijuana, he did test positive for cocaine at the time of his arrest.

The report prepared by Pretrial Services reveals that as a juvenile, the Defendant acquired a significant criminal history.  In March of 2001 the Defendant pled guilty to Reckless Use of a Firearm, detained as a ward of the court, and ordered to pay court costs.  In August of 2002, the Defendant pled guilty to Breaking and Entering a Building With Intent.  He was a probation ward of the court at the time of his arrest on this charge, and as a result of this plea his probation was remanded, he was detained, and ordered to pay restitution,

2

court costs, state costs, and victim's rights fees.  In January of 2004, the Defendant pled guilty to Felony Weapons - Carrying Concealed.  Again, he was sentenced to be a probation ward of the court, given 90 days of detention, and ordered to pay court costs, state fees, and victim's rights fees.  In August of 2004, while on probation from the previous charge, the Defendant was arrested on felony level drug charges.  In January of 2005 he pled guilty to Felony Controlled Substance - Possession (Narcotic/Cocaine) Less Than 25 Grams.  He was sentenced to up to 60 days in jail, fines, costs, but was not made a ward of the court.

     Defense counsel proffers that the Defendant's family would be willing, and specifically the Defendant's father, to act as a third party custodian.  Defense counsel also proffers that placing a tether on the Defendant would assist in his supervision.  Although it appears that the Defendant may in fact have a supportive family, I find that as a practical matter the family is not able to, and in fact has shown they cannot exert the level of continuous control over this Defendant's activity I deem absolutely necessary in order for a bond to be issued.  This is borne out by the Defendant's criminal history and his consistent pattern of felonious behavior.  In addition, the report prepared by Pretrial Services reveals that three of the Defendant's siblings are also incarcerated.  These facts indicate that in spite of what may be the best of intentions, the Defendant's family is unable to exert any meaningful control over this Defendant's behavior.  In light of the fact he now faces the possibility of life imprisonment without parole, I am unable to accept the invitation made by defense counsel to have the family serve as third party custodians.

     I therefore conclude that, under the circumstances, the presumption in favor of detention has not been rebutted.  Even if it had, I am unable to craft any condition or combination of conditions that I feel would reasonably assure the safety of the community or the Defendant's appearance for future court appearances.  Accordingly, the government's motion to detain is **GRANTED**.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.


                                                s/ *Charles E. Binder*
                                           CHARLES E. BINDER
Dated: April 18, 2006                      United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Michael Hluchaniuk and Barbara Klimaszewski, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.


Date: April 18, 2006                                   By     s/Jean L. Broucek
                                                              Case Manager to Magistrate Judge Binder